## Donna G. Scherzer and Scherzer Rolling Lift Bridge Company, Appellees, v. Charles L. Keller and H. P. Harrington, individually and trading as Keller and Harrington, Appellants.

### Gen. No. 28,303.

1. INJUNCTIONS—*when dissolution properly denied.* Dissolution was properly denied of a temporary injunction restraining defendants individually and as copartners from violating a contract between the parties by which defendants, as officers and directors of the complainant corporation, agreed not to "use any endeavor or influence to take away or interfere" with any business that such company was then transacting and from drafting or completing plans for a certain bridge, where the bill contains allegations showing violation of the contract in that defendants after severance of their connection with the corporation secured a contract for the construction of such bridge on substantially the same plans as those submitted by the company in negotiations carried on by defendants before such severance, but such injunction was erroneous in running against one of the defendants individually who was not a party to or bound by the contract.

2. APPEAL AND ERROR—*questions reviewable on appeal from order denying dissolution of temporary injunction.* The Appellate Court will not consider matters of fact going to the merits of the controversy or the proper construction of a contract, violation of which is enjoined, on an appeal from an order refusing to dissolve a temporary injunction restraining defendants from violating a contract not to interfere with complainants' business, where defendants in effect concede that the bill states grounds for the injunction and their supporting affidavits do not show any defense.

Interlocutory appeal by defendants from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed in part; reversed and remanded in part with directions. Opinion filed April 24, 1923.

BURRY, JOHNSTONE & PETERS, for appellants.

BANGS & FRANKHAUSER, for appellees; MARTIN W. WATROUS, of counsel.

This court adopts the following opinion written by the late MR. JUSTICE MORRILL.

This is an appeal from an order of the superior court of Cook county overruling the motion of defendants, who are appellants here, to dissolve a temporary injunction granted November 24, 1922. The record shows that the appeal was perfected December 15, 1922. A plea of release of errors was filed by appellees, a demurrer to which has been sustained.

The order involved herein enjoined the defendants Keller and Harrington, individually and as copartners, under the name and style of Keller and Harrington, with others, from making, drafting, finishing and completing plans for the Prairie Siding Bridge over the Thames River near the City of Chatham in the Province of Ontario, Canada, and from violating any of the terms and conditions of the contract set forth in the bill of complaint and made a part thereof and therein marked exhibit "B," on their part or on the part of any of them to be performed. Appellants filed separate answers and moved to dissolve the injunction, basing their motion upon the answers and affidavits filed therewith. The motion to dismiss was denied and an appeal prosecuted from that order.

The contract mentioned in the decree was a certain agreement executed September 22, 1922, between the appellee Donna G. Scherzer, party of the first part, the appellant Keller and others, not including Harrington, parties of the second part, and the appellee the Scherzer Rolling Lift Bridge Company, an Illinois corporation, party of the third part. This agreement recited the ownership by the first party of all of the capital stock of said company; that the parties of the second part were the officers and directors of said company, defendant Keller being the president thereof; that a dispute had arisen between the first and second parties with reference to the control and management of said company; that the party of the

first part is in possession of the tangible property of said company, and that the parties of the first and second parts desire to adjust the differences between them. The agreement then recites the settlement of all matters in dispute between the parties and releases from said second parties of all claims and demands against the other parties, and further provided, among other things, that the parties of the second part should not ''use any endeavor or influence to take away or interfere with any business'' that the said company was then transacting or carrying on.

The bill alleged that the defendant Keller violated the agreement above mentioned, and in support of that charge averred that for a long time prior thereto complainant, the Scherzer Rolling Lift Bridge Company, had been in correspondence and conference with the engineers and highway commissioners of said Province of Ontario negotiating for a contract with said highway commissioners for the preparation of plans and specifications and superintending the construction of the bridge in question, the type of which was covered by letters patent of the United States and of the Dominion of Canada owned and controlled by complainants; that these negotiations were conducted on behalf of complainants through the defendant Keller; that all of the defendants knew of them and that as late as August 16, 1922, the said Keller, while acting as president of said company and in its name, submitted a letter to the government engineers of the said Province of Ontario, making a written proposal on behalf of the company that the latter should furnish plans and specifications for the erection of the bridge in question and for the performance of services in connection with its construction, and that said Keller on behalf of the complainant company conducted further and other negotiations with the same object in view.

The bill further alleged that shortly after the date

of the contract of September 22, 1922, the defendants Keller and Harrington formed a copartnership for the purpose of conducting a business similar to that in which the complainant company was then and had been engaged; that immediately thereafter the said Keller and Harrington began negotiations with the engineers and highway commissioners of the said Province of Ontario for the purpose of procuring a contract to furnish plans and specifications and to superintend the construction of the said bridge, in relation to which the company had previously been negotiating as aforesaid, conducted said negotiations to a successful termination and secured a contract of that character which the said defendants Keller and Harrington were now engaged in fulfilling. The defendant Harrington was not a party to the contract of September 22, 1922, but had been in the employ of the company for many years and at all times had been under the control of the said Keller, with whom he sustained confidential relations.

Defendants by their answers denied that their acts in any way violated the contract or any rights resulting to complainants from its provisions, and denied that at the time defendants submitted their plans for said bridge, complainants or said company had any interest whatever in the bridge, basing the latter allegations upon a certain letter from the attorney of one of the complainants to the engineer in charge of the bridge construction. This letter advised the engineer of the severance of Keller's former official relations with the Scherzer Rolling Lift Bridge Company, the appointment of a new manager, and requested the return of the proposition submitted by the company or by Keller "for examination and resubmission." This letter does not indicate that the company had abandoned its efforts to secure the contract for the Prairie Siding Bridge, but, on the other hand, indicates that it wished to be still regarded as

a competitor. The record does not show any reply to this letter.

No appeal was taken from the order granting the injunction. That the bill set forth sufficient grounds for granting the preliminary injunction seems to be conceded by the fact that defendants have filed their answers thereto and have sought a dissolution of the injunction, relying upon the matters set forth in their answers and the affidavits accompanying them. The defendant Harrington, who was not a party to the contract of September 22, 1922, was not bound individually by its terms. We are therefore of the opinion that the injunction order was too broad in restraining the individual conduct of said Harrington and should have been limited to restraining him as a copartner, agent, attorney or assistant of the defendant Keller.

Numerous contentions are urged on behalf of appellants for reversing the order of the superior court refusing to dissolve the injunction in question, involving the construction of the contract of September 22, 1922, and numerous questions of fact. Upon examination of these arguments we find that all of them relate to the merits of the controversy between the parties, which are not before us for consideration. In support of the motion to dissolve the injunction no reasons are urged except those which relate to the rights of the defendant Harrington or to questions of fact which must be determined upon the final hearing of the case or to appellants' theory of the proper construction of the contract based upon facts alleged in Keller's answer. We do not find that the allegations of defendants' answer and the exhibits forming a part thereof and the affidavits filed in support of the answer furnish a sufficient ground to justify the court in dissolving the injunction so far as it relates to the defendant Keller individually and to the defendants Keller and Harrington, copartners under

the firm name and style of Keller and Harrington, but find that the injunctional order should be modified so far as it relates to the defendant Harrington individually.

The order of the superior court is therefore affirmed except in so far as it enjoins the defendant Harrington individually, and in that respect it is reversed and remanded with instructions to so modify the injunctional order that it will affect the defendant Harrington only as a copartner, agent, attorney, associate or assistant of the defendant Keller.   We are advised by the supplemental record filed in support of the plea of release of error that such a modification has been made subsequent to the appeal herein, but this record is not before us in connection with the present appeal, which became effective when the appeal bond was approved.

*Affirmed in part; reversed and remanded in part with directions.*